[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Date of Sentence: July 18, 1991 Date of Application: July 18, 1991 Date Application Filed: July 18, 1991 Date of Decision: September 22, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland, Docket Number CR90-42299.
 Gerald Gore, Esq. Defense Counsel for Petitioner and as Standby Counsel
Patricia Swards, Esq. Assistant State's Attorney for the State
 BY THE DIVISION:
CT Page 12329
After a trial to the jury, the petitioner was acquitted of the first and second counts of assault in the first degree. The petitioner was convicted of the third, fourth and fifth counts of the information as follows:
Third Count: Assault in the second degree as a persistent serious felony offender, a violation of Connecticut General Statutes § 53a-60 and 53a-40(b), which provide for a penalty of not less than one year nor more than ten years incarceration and a monetary fine of up to $10,000.
Fourth Count: Rioting at a correctional institution as a persistent serious felony offender, a violation of Connecticut General Statutes § 53a-179b and 53a-40(b) provides a penalty of not less than ten years nor more than 25 years incarceration and a monetary fine of not more than $20,000.
Fifth Count: Possession of a weapon in a correctional institution as a persistent serious felony offender (a violation of Connecticut General Statutes § 53a-40(b) and § 53a-174a
provides for a penalty of not less than ten years nor more than 25 years incarceration and a fine of not more than $20,000).
The court imposed a ten year sentence on the third count, a 25 year sentence on the fourth count, and a ten year sentence on the fifth count. Each sentence is to run consecutive, one to the other, and consecutive to any sentence the petitioner was already serving.
The net effective sentence was 45 years to serve consecutive to any sentence previously imposed. The petitioner seeks review of this sentence.
The record reflects that on April 19, 1990, there existed a riot at Connecticut Correctional Institute at Somers in the East Chow Hall. Three correctional officers were assaulted in the disturbance as they attempted to quell the riot. One officer was slashed on the right side of his neck by the petitioner with a homemade knife.
The petitioner's prior criminal history reflects convictions for attempted robbery in the first degree, three counts of robbery in the first degree, escape from custody and two counts of assault in the second degree. All are felonies. CT Page 12330
In his sentencing remarks, the court noted that the petitioner had "127 disciplinary tickets and over 20 incidents of assault in your record while you were incarcerated."
The petitioner was allowed to proceed with Attorney Gore in attendance and assisting. The thrust of the petitioner's comments concerned his being incarcerated as a child and was "never certified to stand trial as an adult." Petitioner claims that he had no prior conviction for assault on a corrections officer and that the sentence is excessive.
Counsel for the petitioner related to the Division that the 45 year term imposed was the maximum allowable and that other participants in the rioting assaults received lesser sentences. Counsel indicated that the corrections officer that was injured has returned to work at the same institution; that at the time of sentencing the officer/victim was undergoing counseling and could not return to work at that time. Counsel for petitioner further indicated that a long incarceration does not have the effect of promoting rehabilitation. Counsel requested a reduction in the sentence commensurate with others similarly situated.
Counsel for the state indicated that at the time of sentencing, the court was aware that the corrections officer/victim was back to work as a corrections officer.
Counsel for the state indicated that the petitioner's exposure was 60 years incarceration and therefore the petitioner was not sentenced to the maximum allowed by law.
The state's attorney noted the case of Silas Harris, another inmate in the riot, who received a 30 year sentence and the attorney distinguished the circumstances of Mr. Harris from that of the petitioner.
The court said in part:
 ". . . this was an unprovoked, totally unprovoked assault upon an innocent corrections officer by an inmate who was armed. The officer was left with a disfiguring scar of some length. We had an opportunity to see the scar. It's a permanent scar. This is an attack that was unjustified and unprovoked, an attack on an innocent officer who was slashed out upon without provocation whatsoever."
CT Page 12331
The court imposed the sentence as indicated.
Pursuant to Connecticut Practice Book § 43-23 et seq, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statutes § 51-194
et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J. O'Keefe, J. Iannotti, J.
Miano, J., O'Keefe, J., and Iannotti, J. participated in this decision.